**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LISA ANN DEWEESE and
on behalf of L.H.,

      Plaintiff,

vs.                                                                          No. CIV 22-0632-JB/KK

Children's, Youth and Families Department, et.
al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the

Federal Rules of Civil Procedure, on: (i) the Plaintiff's Second Amended Complaint for Violation

of Civil Rights, filed September 8, 2022 (Doc. 10)("Second Amended Complaint"); [1] and (ii) the

Plaintiff's Motion to Have Defendants Served the Summons, Summons Return and Second

amended Complaint, filed September 8, 2022 (Doc. 11)("Motion for Service").  Plaintiff Lisa Ann

Deweese appears pro se.  For the reasons set out below, the Court will dismiss this case with

prejudice for failure to state a claim.

**PROCEDURAL BACKGROUND**

Deweese initiated this case on August 25, 2022.  See Civil Rights Complaint Pursuant to

42 U.S.C. § 1983, filed August 25, 2022 (Doc. 1)("Complaint").  Deweese used the form "Civil

Rights Complaint Pursuant to 42 U.S.C. § 1983" to file her Complaint.  The Complaint names the

"[New Mexico] Children's Youth and Families Department [("CYFD")] et., al" as the

---

[1]Court staff have filed several documents in this case as restricted to "CASE
PARTICIPANTS," because they refer to the Plaintiff's son, L.H., who may be a minor.

Defendant(s).  Complaint at 1.  The Complaint does not indicate the identity of the other

Defendants, either in the caption or in the section "Jurisdiction," which prompts plaintiffs to

identify defendants.  In her Complaint, Deweese alleges that:

> On 11-8-2013 my youngest son was sent into CYFD custody by his principal without grounds.
> On 11-13-2013 the private process server claimed that I was served the abuse/neglect petition on 11-20-2013 in the children's court.  However, this is untrue.
> On 12.3.2013 false claims were made that I agreed to the mediation process.
> . . .
> My right to trial was denied.  I was unlawfully detained.  My son was overmedicated to the point of death.  They acted contrary to the Am religious freedom Restoration Act.
> . . .
> My parental rights were terminated by a children's court judge without cause and my son was sold to a stranger.  He hasn't been allowed to go to his church or have contact with his 3 older brothers.

Complaint §§ B-C(1) at 2-3.  Deweese asserts that the "JQ Judge" improperly dismissed two state

court cases relating to Deweese and L.H.  Complaint § D at 4-5

The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District

Court for the District of New Mexico, notified Deweese that

> Plaintiff is asserting claims on behalf of her son.  Plaintiff is not a licensed attorney authorized to practice in this Court.
> "A litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).
> . . .
> The Complaint indicates that this action arises from events occurring in 2013.  The Complaint refers to a state-court case in 2014 but does not otherwise allege any of the events or omissions giving rise to this case occurred after 2013.  It appears that Plaintiff's claims are barred by the statute of limitations. *See Varnell*

*v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

. . .

       The Complaint fails to state a claim upon which relief can be granted because it does not state with particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, how those actions harmed Plaintiff, and what specific legal right secured by federal law the Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Memorandum Opinion and Order Granting Motion to Proceed in Forma Pauperis and Order to Show Cause and for Amended Complaint at 2-3, filed August 26, 2022 (Doc. 5)("MOO"). In the Order, Magistrate Judge Khalsa orders Deweese to: (i) "show cause why the Court should not dismiss the claims asserted on behalf of L.H."; (ii) "show cause why the Court should not dismiss her claims as barred by the statute of limitations"; and (iii) "file an amended complaint." MOO at 5.

       After Deweese submitted several documents to Magistrate Judge Khalsa's chambers, Magistrate Judge Khalsa notified Deweese that documents which parties wish to file must be mailed or delivered in person to the Clerk of Court and any documents sent to Magistrate Judge Khalsa or her chambers for filing in this case will not be filed. See Order Regarding Communication with the Court at 1, filed September 7, 2022 (Doc. 6)("Communications Order"). One of the documents that Deweese sent to Magistrate Judge Khalsa's chambers was an "Amended Complaint for Violation of Civil Rights (Non-Prisoner Complaint)." See Exhibit 7 to Order Regarding Communications with the Court at 2-7, filed September 8, 2022 (Doc. 7).

In Deweese' Second Amended Complaint on September 8, 2022 (Doc. 10), she asserts § 1983 claims against CYFD and unidentified Defendants on behalf of herself and her son, but has not shown cause why the Court should not dismiss Deweese's claims and the claims she asserts on her son's behalf.  See MOO at 5;  See Generally Second Amended Complaint.  Deweese also asserts claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens")[2] against certain unidentified Defendants "who claim to be federal employees acting under the coluor [sic] of the law as it exist [sic] in reality."  Second Amended Complaint § II at 4.  Plaintiff alleges that the events giving rise to the claims "began on 11-8-2013 and have [continued] to the present day," but does not set forth any factual allegations describing any events occurring after 2013 except for the following: (i) "[L.H.] was bought and sold on 1-28-2019;" (ii) "[a]fter [L.H.]  was forced into disappearance by the defendants he was tortured to the point of death, placed in three foster homes and then on or about January 28th, 2019 he was sold to a st[ra]nger named Isaiah Baca who bought [L.H.] from the NM CYFD;"  and (iii) "[L.H.] was forced into disappearance and the[n] made to take mind and mood altering drugs by the in loco parentis against his will and he lost 60 pounds in four months and ten days and then he did expire at 1138 pm on or about May 28th, 2014."  Second Amended Complaint § III at  4-5.

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court of the United States held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting under the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009)(stating that Bivens actions are the "federal analog" to § 1983 actions).

Deweese also asked the Court to order service of her Second Amended Complaint on Defendants "due to financial hardship, lack of transportation and/or ability to obtain a process server."  Motion for Service at 1.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the Plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly").  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile.'"  Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001)(quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit which includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied.  If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(unpublished)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).[3]  "[A]n application to proceed in forma pauperis should

---

[3]Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the that extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Menefee v. Werholtz, Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008), and Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

be evaluated in light of the applicant's present financial status."  Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed IFP] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted).  While the district court should not deny a person the opportunity to proceed under § 1915(a) solely because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[4]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must dismiss thereby the complaint pursuant to 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the

---

[4]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.  See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees.  Brewer's monthly income exceeded his monthly expenses by $242.00.  See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1952(e)(2).  The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d at  1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. at 570.  In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall

not be granted unless a declaratory decree was violated or declaratory relief was
unavailable . . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action; it does not create any substantive

rights; substantive rights must come from the Constitution of the United States of America or from

a federal statute.  See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983

'did not create any substantive rights, but merely enforce[s] existing constitutional and federal

statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of

Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))).  Section 1983 authorizes an injured person

to assert a claim for relief against a person who, acting under color of state law, violates the

claimant's federally protected rights.  To state a claim upon which relief can be granted under §

1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who

deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42,

48 (1988).  The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal
> Constitution or created by federal statute or regulation, (2) proximately caused (3)
> by the conduct of a 'person' (4) who acted under color of any statute, ordinance,
> regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716  F.Supp.2d 1052, 1063  (D.N.M.

2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-

0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against

a government agent in their individual capacity, "a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution."

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Consequently, there is no respondeat superior liability

under § 1983.  See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable

to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); <u>Bd. of Cty. Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997).  Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor.  <u>See</u> <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 689 (1978).  Supervisors can be held liable only for their own unconstitutional or illegal policies and not for their employees' tortious acts.  <u>See</u> <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.  <u>See</u> <u>Martinez v. Carson</u>, 697 F.3d 1252, 1255 (10th Cir. 2012); <u>Trask v. Franco</u>, 446 F.3d 1036, 1046 (10th Cir. 2006).  The Tenth Circuit also recognizes that <u>Ashcroft v. Iqbal</u> limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  <u>See</u> <u>Garcia v. Casuas</u>, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing <u>Dodds v. Richardson</u>, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may have altered the landscape for supervisory liability in <u>Ashcroft v. Iqbal</u> is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676. The Tenth Circuit in <u>Dodds v. Richardson</u> states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who

creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200.  It concluded that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"  Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

    The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).  The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'"  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Having carefully reviewed the Complaint and the relevant law, the Court will dismiss this case with prejudice for failure to state a claim.  The Complaint does not state a claim pursuant to § 1983 or Bivens against CYFD -- and the unidentified Defendants -- because there are no allegations that Plaintiff's claims arose from CYFD and the unidentified Defendants' actions during the three years before Deweese filed her original Complaint.  See Varnell v. Dora Consol. School Dist., 756 F.3d 1208, 1212 (10th Cir. 2014)("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").  The Complaint does not state a § 1983 or Bivens claim against the unidentified Defendants, because there are no factual allegations supporting Deweese's allegations that the unidentified Defendants violated a right secured under federal law and because the unidentified Defendants were acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988)(holding that, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.); Bivens, 403 U.S. at 389; Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

Magistrate Judge Khalsa, after notifying Deweese that the Complaint does not state § 1983 claims, ordered Reeves to show cause why the Court should not dismiss the claims she asserts on behalf of her son, L.H.; and (ii) as barred by the statute of limitations.  See MOO at 5.  The deadline to show cause was September 16, 2022.  See MOO at 4.  Deweese filed her Second Amended Complaint but otherwise has not responded to Magistrate Judge Khalsa's Order.  The Court therefore will dismiss this action with prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e)

for failure to state a claim upon which relief may be granted.  The Court will dismiss Deweese's Motion for Service because the Court is dismissing this action.

**IT IS ORDERED** that: (i) the Plaintiff' Lisa Ann Deweese's Second Amended Complaint for Violation of Civil Rights (Non-Prisoner Complaint), filed September 8, 2022 (Doc. 10), is dismissed with prejudice; (ii) the Plaintiff's Motion to have Defendants Served the Summons, Summons Return and Second Amended Complaint, filed September 8, 2022 (Doc. 11), is denied; (iii) Plaintiff Lisa Ann Deweese's claims against Defendant Children, Youth and Families Department are dismissed with prejudice; (iv) Deweese's claims against the unidentified Defendants are dismissed with prejudice; (v) the claims Deweese asserts on her son L.H.'s behalf are dismissed without prejudice; and (vi) this action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Lisa Ann Deweese
Albuquerque, New Mexico

   *Plaintiff pro se*